### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**Armando Interiano,**
on his behalf and on behalf
of similarly situated individuals,
    Plaintiff,

    vs.                             CA 10- _____

**The Fresh Catch IV, Inc.,**
d/b/a Fresh Catch Seafood, Butcher Shop & Restaurants, and
**William F. Sarro,**

    Defendants.

_____

## COMPLAINT

### Introduction

1. The Plaintiff alleges the Defendants employed him, and similarly situated kitchen and service staff, at the Fresh Catch, a restaurant and seafood store in Mansfield, Massachusetts, without paying him or them overtime.  He brings this action to recover unpaid overtime compensation, liquidated damages, attorney fees and costs pursuant to the provisions of the federal Fair Labor Standards Act of 1938 (codified at 29 USC §201, *et. seq.*).

### Parties/Jurisdiction/Venue

2. The Plaintiff, Armando Interiano is an adult resident of Attleboro, Massachusetts.

3. The Defendant, The Fresh Catch IV, Inc. (Fresh Catch), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Mansfield, Massachusetts.

4. The Defendant The Fresh Catch IV, Inc., does business in Massachusetts using several names including as "Fresh Catch Seafood, Butcher Shop & Restaurants," "Fresh Catch Seafood & Deli," and "Fresh Catch Restaurant & Sushi Bar."

5. The Defendant William F. Sarro (Sarro) is believed to be residing in South Easton, Massachusetts.

6. Jurisdiction over this action is conferred on this Court by Section 16(b) of the federal Fair Labor Standards Act of 1938 (the "Act" or "FLSA") (codified at 29 USC §216(b)), and by the provisions of 28 USC §1337 relating to civil actions arising under acts of Congress regulating commerce.

7. Venue is proper in this Court because the conduct complained of took place in Massachusetts, and because the individual Defendant is a resident of Massachusetts, and because the corporate Defendant is a "resident" of Massachusetts as that term is defined in 28 USC §1391(b) and (c).

### Facts Common to All Counts

8. In calendar years 2016, 2017 and 2018, Fresh Catch had gross revenues in excess of $500,000 each year.

9. At all times relevant to this litigation, the Fresh Catch was an enterprise "engaged in commerce" within the meaning of Section 7(a) of the FLSA (codified at 29 USC §207(a)(1)).

10. From at least January 2016, through the present, the Defendant Sarro acted directly and indirectly in the interest of the Fresh Catch in relation to its employees, including Interiano and similarly situated employees. Among other things, he:
   a. scheduled their work hours;
   b. supervised them;
   c. determined whether and when they received raises;
   d. determined whether to continue to employee them; and
   e. when the Plaintiff complained about his work assignments, told the Plaintiff he would not change the assignments.

11. From at least January 2016, into September 2018, the Defendants employed Interiano.

12. The Defendants employed Interiano as a kitchen worker on an hourly basis and paid him wages based on the number of hours he worked each week.

13. From at least January 2016, through the present, the Defendants employed other kitchen and service workers on an hourly basis and paid them wages based on the number of hours they worked each week. (Hereinafter, those employees are referred to as "similarly situated employees.")

14. From at least January 2016, into September 2018, Interiano typically worked more than 40 hours per week for the Defendants.

15. Since at least January 2016, through the present, similarly situated employees worked for the Defendants for more than 40 hours per week.

16. When Interiano worked more than 40 hours per week, the Defendants did not pay him for the hours over 40 at a rate at least equal to one and one-half (1½) times his regular hourly rate.

17. When similarly situated employees worked for more than 40 hours per week, the Defendants did not pay them for the hours over 40 at a rate at least equal to one and one-half (1½) times their regular hourly rates.

18. The Defendants knew they were required to pay Interiano, and similarly situated employees, overtime for the hours they worked over 40 each week at a rate equal to at least one and one-half (1 ½) times their regular hourly rates.

19. The Defendants acted with reckless disregard for the overtime provisions of the FLSA and failed to make adequate inquiry into whether not paying overtime to Interiano, and similarly situated employees, was in compliance with the FLSA.

**Count 1 – Federal FLSA Claim**

20. Interiano reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

21. The Defendant William F. Sarro was an "employer" of Interiano, and the other similarly situated employees, as that term is defined in Section 3 of the FLSA (codified at 29 USC §203(d)).

22. Contrary to the requirements in Section 7(a) of the federal FLSA (codified at 29 USC 207(a)), the Defendants failed to pay Interiano, and similarly situated employees, at a rate equal to at least one and one-half (1½) times their regular hourly rate for the hours they worked each week in excess of 40.

23. The Defendants' failure was willful and deliberate.

24. Interiano, and the similarly situated employees, suffered damages as a result of the Defendants' failure.

**Wherefore**, on this Count Interiano requests:

    a. A judgment against the Defendants, jointly and severally, for the overtime wages they failed to pay him and similarly situated employees for the 3 years preceding the filing of this Complaint pursuant to 29 USC 216(b) and 29 USC 255(a);

b.   A judgment against the Defendants, jointly and severally, for liquidated damages equal to the overtime and regular wages they owe him and similarly situated employees pursuant Section 16(b) of the Act (codified at 29 USC 216(b));

c.   Reasonably attorney fees and costs pursuant to Section 16(b) of the Act (codified at 29 USC 216(b)); and

d.   For such other relief as may be just and appropriate.

## Jury Demand

The Plaintiff requests a trial by jury on this Count.

The Plaintiff,
By His Attorney,

*/s/ John T. Longo*

_____
John T. Longo, Esq./BBO#632387
Citadel Consumer Litigation, PC
996 Smith Street, Suite 101
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com